IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AROTECH CORP.<br>SECURITIES LITIGATION | 07-cv-1838-RJD-VVP |



## [PROPOSED] PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on January 7, 2010, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 21st day of January, 2010 that:

1.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of all persons who purchased common stock of Arotech Corporation ("Arotech") on the open market, during the period from November 9, 2004 and November 14, 2005, inclusive. Excluded from the Class are the Defendants in this action, members of the immediate families (parents, spouses, siblings, and children) of each of the Individual Defendants, all directors, officers, parents, subsidiaries and affiliates of Arotech, any person, firm, trust, corporation or entity in which any excluded person during the Class Period had or has a controlling interest or which is

related to or affiliated with any excluded person, and the legal representatives, heirs, successors in interest, or assigns of any excluded person.

2.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Morris Akerman, David Jakoman, Stan J. Vasilauskas, and Eager Beaver Testers, Inc. are certified as Class Representatives.

4.     As provided for in the Stipulation, if the Court does not grant final approval of the Settlement set forth in the Stipulation, or if the Settlement set forth in the Stipulation is terminated in accordance with its terms, then the Stipulation, and the certification of the Class provided for herein, will be vacated and the Litigation shall proceed as though the Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

5.  A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on <u>May 6</u>, 2010, at <u>2 : 30</u> <u>p</u>.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

6.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on

the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

8.  The Court approves the appointment of Berdon Claims Administration LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within fifteen (15) days after entry of this Order, to all Class Members who can be identified with reasonable effort. Arotech shall cause Arotech's transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Arotech common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within seven (7) days of their receipt of the Notice to either: (a) provide to the Claims Administrator the name and last known address of each such person or entity, preferably in an MS Excel data table setting forth (i) title/registration, (ii) street address, and (iii) city/state/zip; or on electronic mailing labels in MS Word of WordPerfect files; or printed out on physical mailing labels; or (b) request sufficient copies of this Notice and the Proof of Claim form, free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the common stock referred to herein. Nominees choosing to make their own mailing are directed, upon such mailing, to send a statement to the

Claims Administrator confirming that they have done so as directed. Such persons are entitled to reimbursement from the Settlement Fund of any reasonable expenses actually incurred in connection with the research of beneficial owner records **and** the generating of electronic media or mailing labels **or** postage, to be paid after a request and submission of appropriate supporting documentation to the Claims Administrator.

9. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

10. The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published on three (3) days over *Business Wire* on the tenth, fifteen, and twentieth days (or the first business day after each such date if such day falls on a weekend or holiday) after the mailing of the Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

11. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than June 1, 2010. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each member of the Settlement Class must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be **signed** under penalty of perjury.

(c) As part of the Proof of Claim, each member of the Settlement Class shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

12. All Class Members who do not submit a request for exclusion will, if the Settlement becomes Final, be considered members of the "Settlement Class" and will be subject to and bound by the provisions of the Stipulation, including the releases contained therein, and the Final Order and Judgment. Members of the Settlement Class must submit a valid Proof of Claim to share in the settlement proceeds. A Settlement Class Member who fails to submit a valid Proof of Claim will not share in the settlement proceeds, but will nonetheless be bound by the terms of the Settlement.

13. To request exclusion from the Settlement, a Class Member shall mail the request in written form by first class mail postmarked no later than __March 31__, 2010, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the Arotech Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all their purchases and sales of Arotech common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14.     Upon receiving any request(s) for exclusion pursuant to the Notice, the Claims Administrator shall forward the request(s) for exclusion directly to Plaintiffs' Co-Lead Counsel and counsel for Defendants, within ten (10) days of receiving such request(s).

15.     Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16.     The Court will consider objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and copies of all such papers are served, on or before _March 31_, 2010, upon each of the following: David A.P. Brower, Esq., Brower Piven, A Professional Corporation, 488 Madison Avenue, New York, NY 10022 and Mark Levine, Esq., Stull, Stull & Brody, 6 East 45th Street, New York, New York 10017, on behalf of the Lead Plaintiffs and the Class; and Christopher G. Green, Esq., Ropes and Gray LLP, One International Place, Boston, Massachusetts 02110, on behalf of Defendants. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the

Settlement Fairness Hearing. Members of the Settlement Class do not need to appear at the hearing or take any other action to indicate their approval.

17. Plaintiffs' Co-Lead Counsel shall file their briefs and affidavits in support of the Settlement, the Plan of Allocation, and the application for an award of attorneys' fees and reimbursement of expenses and respond to any comments or objections prior to the Settlement Fairness Hearing. Copies of all such briefs and affidavits shall, at the time of filing, be served upon Defendants' Counsel and any person who filed any objections.

18. All discovery and pretrial proceedings in this Litigation, other than Confirmatory Discovery provided for in the Stipulation, are stayed and suspended until further order of this Court.

19. Pending final determination of whether the Settlement should be approved, the Lead Plaintiffs, all Class Members, either individually or collectively, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

20. As provided in the Stipulation, Plaintiffs' Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

21. If: (a) the Settlement is terminated by Arotech pursuant to paragraph 24 of the Stipulation; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Co-Lead Counsel or Counsel for the Defendants elects to terminate the

Settlement as provided in paragraph 25 of the Stipulation, then, in any such event, the Stipulation (excluding paragraphs 6, 8, 11, 25-27, 45, and 50-59 thereof), including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: Jan 21, 2010

s/ Judge Raymond J. Dearie
UNITED STATES DISTRICT JUDGE